Craig P. Goetz
1920 E Bell Rd., Unit 1001
Phoenix, Arizona 85022
602-531-2475

*Plaintiff*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig P. Goetz,<br>　　　　　Plaintiff<br><br>　　vs.<br><br>Carson Smithfield, LLC<br>　　　　　Defendant | **Civil Case No.:**　　CV-14-499-PHX-JAT<br><br>**COMPLAINT PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Craig P. Goetz hereby sues Defendant Carson Smithfield, LLC for money damages arising from violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et. seq.* and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et. seq.* and, upon information and belief, alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the TCPA and the FDCPA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

### II. PARTIES

3. Plaintiff, Craig P. Goetz, is a natural person and is a resident of the State of Arizona, in the County of Maricopa.

4. Defendant Carson Smithfield, LLC is a Delaware corporation authorized to conduct business in Arizona. Carson Smithfield, LLC's principal place of business is at 101 Crossways Park Drive West, Woodbury, New York 11797. The principal purpose of Defendant Carson Smithfield is attempting to collect debts alleged to be due another through the use of mails and telephone.

### III. GENERAL ALLEGATIONS OF FACT AND LAW

5. From June 10, 2012 through June 11, 2013 Plaintiff received at least fifty-two [52] telephone calls to his cellular telephone from 877-394-5975, a telephone number known to be owned and operated by Defendant Carson Smithfield, LLC. An *Affidavit of Craig P. Goetz* and an Annexure entitled *Plaintiff's Cellular Telephone Call Log* is attached hereto as Plaintiff's EXHIBIT A and by this reference is incorporated herein.

6. Upon information and belief, all of the calls made to the Plaintiff's cellular telephone by the Defendant were made with an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

7. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

8. The Plaintiff never provided explicit, express consent to the Defendant to permit them to make telephone calls with an automatic telephone dialing system to the Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

9. On numerous occasions Defendant Carson Smithfield, LLC harassed the Plaintiff by attempting to reach him on his cellular telephone multiple times in a single day.

10. In all calls made to the Plaintiff's cellular telephone, the Defendant failed to identify themselves or leave messages indicating they were a debt collector attempting to collect on

an alleged debt.

11. On September 9th, 2013 the Plaintiff sent a Notice of Intent to Litigate to Mr. Donald Berman, CEO of Defendant Carson Smithfield, LLC with the goal of privately resolving this matter without Court action, and received an unsigned letter from the customer service department that denied any liability.

12. The Plaintiff responded to the Defendant's letter on October 7, 2013 by sending a letter that refuted the Defendant's erroneous positions, but the Plaintiff received no response to this letter.

13. On January 20th, 2014 the Plaintiff sent a Notice of Pending Lawsuit to Mr. Donald Berman with an attached copy of the Complaint with the goal of privately resolving this matter without Court action—giving the Defendant a week from receiving the letter to initiate a dialogue with the Plaintiff, but received no response.

14. The discovery of the TCPA violations occurred in June 2013 and are within the applicable statute of limitations pursuant to 28 U.S.C. § 1658(a).

15. The discovery of the FDCPA violations occurred in June 2013 and are within the applicable statute of limitations pursuant to 15 U.S.C. § 1692k(d).

### IV.  CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF:**
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.***
**Willful Non-Compliance by Defendant Carson Smithfield, LLC**

16. Plaintiff repeats and realleges each and every allegation above.

17. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et. seq.*

18. As a result of its duties and legal obligations as a business entity subject to the laws of the United States, Defendant Carson Smithfield knew or should have known that making repeated calls using an automatic dialing system to Plaintiff's cellular telephone number without obtaining prior express consent is a violation of Federal Law.

19. As a result of breaching its duties and legal obligations, Defendant's telephone calls using an automatic dialing system without prior express consent are willful within the meaning of 47 U.S.C. § 227(b)(3).

20. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et. seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CLAIM FOR RELIEF:**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.***
**Willful Non-Compliance by Defendant Carson Smithfield, LLC**

21. Plaintiff repeats and realleges each and every allegation above.

22. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

23. Defendant Carson Smithfield, LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

24. Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. By placing repeated telephone calls, defendant willfully violated 15 U.S.C. § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

    b. By frequently placing multiple phone calls to the Plaintiff in a single day, the Defendant willfully violated 15 U.S.C. § 1692d(5) by causing the phone to ring

repeatedly.

c. By not once making the Plaintiff aware of who was placing the repeated telephone calls, the Defendant willfully violated 15 U.S.C. § 1692d(6) by placing telephone calls without properly disclosing their identity.

25. As a result of the Defendant's knowing and/or willful violations of 15 U.S.C. § 1692 *et. seq.*, the Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig P. Goetz prays that this Honorable Court enter judgment in his favor for money damages against the Defendant as follows:

a. For the First Claim for Relief, an award of $78,000 to encompass the trebled damages pursuant to 47 U.S.C. § 227(b)(3);

b. For the Second Claim for Relief, an award of $1,000 to encompass the statutory damages pursuant to 15 U.S.C. § 1692k; and

c. Such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 12th Day of March, 2014

Respectfully submitted,

Craig P. Goetz

*Plaintiff*