**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig P. Goetz,                             )<br>                                                   )<br>            Plaintiff,                           )<br>                                                   )<br>vs.                                                 )<br>                                                   )<br>Carson Smithfield, LLC,                )<br>                                                   )<br>            Defendant.                       )<br>                                                   ) | No. CV 14-499-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. In *Boersma v. M & I Marshall & Ilsely Bank*, 2011 WL 248379 (D. Ariz. 2011), another Judge in this district discussed in detail the standard for granting in forma pauperis status. That Court stated:

> A plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges and demonstrates in an affidavit that he is unable to pay such fees or give security therefor. Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part:
>
>> [A]ny court ... may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.
>
> 28 U.S.C. § 1915(a)(1).
>
> In enacting the in forma pauperis ("IFP") statute, 28 U.S.C. § 1915, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the

1  United States, solely because ... poverty makes it impossible ... to pay or secure the costs" of litigation. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct.
2  1728, 118 L.Ed.2d 340 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (internal quotation
3  marks omitted)). Congress also recognized that " 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an
4  economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct.
5  1827, 104 L.Ed.2d 338 (1989)). Thus, if the district court grants IFP status, it must dismiss the case sua sponte if (A) the allegation of poverty is untrue; or
6  (B) the action or appeal (i) is frivolous or malicious, (ii) it fails to state a claim upon which relief may be granted; or (iii) it seeks monetary relief against a
7  defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The provisions of 28 U.S.C. § 1915(e)(2) are not limited to prisoners. *Calhoun v.*
8  *Stahl*, 254 F.3d 845, 845 (9th Cir.2001); *Jones v. Social Sec. Admin.*, 2007 WL 806628, *1 (E.D.Cal.2007) ("[T]he court is ... required to screen complaints
9  brought by litigants who have been granted leave to proceed in forma pauperis."), *affirmed by*, 256 Fed.Appx. 68 (9th Cir.2007).
10
11  The standard in 28 U.S.C. § 1915(a)(1) for IFP eligibility is "unable to pay such fees or give security therefor." The determination of what constitutes
12  "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed IFP is left to the sound discretion of the district
13  court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed.Appx. 157 (2d
14  Cir.2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir.1982); *Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir.1983)[.]

15  *Id.* at 1.

16  In this case, in his application to proceed in forma pauperis, Plaintiff avows that he

17  supports only himself on an annual income of $30,672. The Court finds this is adequate

18  income to pay the filing fee. Accordingly,

19  **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 3)

20  is denied. Plaintiff must pay the filing fee by April 9, 2014. If Plaintiff fails to pay the filing

21  fee by April 9, 2014, the Clerk of the Court shall, without further order of this Court, enter

22  judgment dismissing this case, without prejudice.

23  DATED this 26th day of March, 2014.

24
25
26  James A. Teilborg
27  Senior United States District Judge
28